IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED 2005 JUN -1 P 2: 16

| | |
|---|---|
| THOMAS HOLLOWAY and, <br> TERRI WILSON HOLLOWAY, <br> Plaintiffs, <br><br> Vs. <br><br> JIM WALTER HOMES, INC., <br> WILLIAM J. WARD, TRUSTEE OF <br> MID-STATE TRUST VII, MID-STATE <br> HOMES, INC., AND <br> A,B,C or D, the individual(s) or entity <br> that negligently, wantonly and fraudu- <br> lently transferred property with <br> bad title. <br> Defendants. | CASE NO. 2:05CV516-M <br><br> DEMAND FOR JURY TRIAL |

BILL OF COMPLAINT

1.    Plaintiffs, **THOMAS HOLLOWAY and TERRI WILSON HOLLOWAY**, (hereinafter collectively "Holloways") are resident citizens of St. Clair County, State of Alabama, and are over the age of 19.

2.    Defendant, **JIM WALTER HOMES, INC.**, (hereinafter "Jim Walter") is a Florida corporation doing business throughout the state of Alabama through the buying, selling and financing of property and homes.

3.    Defendant, **WILLIAM J. WARD, TRUSTEE OF MID-STATE TRUST VII**, (hereinafter "Mid-State") is the Trustee of a Delaware business trust doing business in Alabama through the buying, selling and financing of property and homes.

4.    Defendant, **MID-STATE HOMES, INC.**, (hereinafter "Mid-State Homes") is a Florida corporation doing business in Alabama through the buying, selling and financing of property and homes.

5.    Defendant Mid-State Homes is believed to be an alter ego of Defendant Jim Walter and Defendant Mid-State in that the entities commingle responsibilities, property and

1

assets. The corporations have joint authority to execute documents and speak on behalf of each other.

6.     The Plaintiffs and Defendants meet the criteria for Diversity of Citizenship, 28 U.S.C. §1332, and the amount in controversy in this action is over $75,000.00.

7.     The Defendants have business locations across the state and operate, conduct and solicit business in the above district.

8.     On or around the 3rd day of April 2001, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, sold the following property to Plaintiffs via a special warranty deed:

(See Exhibit A for legal description.)

9.     On or around the 3rd day of April, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, extended a mortgage to the Plaintiffs for the purchase of the property in Exhibit A for the amount of One hundred forty-seven two hundred Sixty-four dollars ($147,264.00).

10.    In such conveyance, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, warranted that it had free and clear title to such property and that it would defend such title.

11.    On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

12.    During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

13.    As a result of said search, Plaintiffs discovered that the title was not clear and that when Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes sold such property to Plaintiff, Defendants did not have clear title.

14.    Plaintiffs were and are unable to refinance such property because of the errors and faults with the title.

15.    Plaintiffs notified Defendants of the errors and problems within the title on numerous occasions and repeatedly requested the Defendants rectify such problems. However, Defendants failed to take any efforts at clearing title or remedying the problem.

16.    As a result of Defendants' refusal to clear title, Plaintiffs are forced to continue in a high interest rate mortgage as opposed to the lower interest rates available.

## Count I

17.    Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

18.    On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

19.    Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, negligently warranted that the Defendants had clear title to the property.

20.    On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

21.    During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

22.    As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

23.    Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

24.    As a result of the Defendants' negligence, the Plaintiffs suffered the following injuries:

    a.    Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b.    Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance timely.

    c.    Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d.    Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against the Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages and $500,000.00 punitive damages.

## Count II

25. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

26. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

27. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, wantonly and/or recklessly warranted that the Defendants had clear title to the property.

28. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

29. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

30. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

31. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

32. As a result of the Defendants' wantonness and/or recklessness, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against the Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages plus $500,000.00 punitive damages.

## Count III

33. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

4

34. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

35. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes fraudulently warranted and misrepresented to Plaintiffs that the Defendants had clear title to the property.

36. Defendants knew or reasonably should have known that Defendants did not have clear title to said property but made such representations with the intention that Plaintiffs would rely upon same.

37. Plaintiffs reasonably relied upon Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes' misrepresentations.

38. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

39. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

40. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

41. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

42. As a result of the Defendants' fraudulent representations and actions, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against the Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages plus $500,000.00 punitive damages.

### Count IV

43. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

44. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

45. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes warranted that the Defendants had clear title to the property.

46. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

47. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

48. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

49. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

50. Plaintiffs made several requests to Defendants that it assist in clearing title and/or produce documents that might assist in same.

51. However, Defendants refused and acted in bad faith conveying unclear title while warranting that it had clear title and by refusing to clear title as it warranted.

52. As a result of the Defendants' bad faith, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages and $500,000.00 punitive damages.

### Count V

53. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

54. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

55. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes warranted that the Defendants had clear title to the property.

56. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

57. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

58. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

59. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

60. As a result of the Defendants' breach of warranty, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand equitable relief from the Defendants Jim Walter, Mid-State and Mid-State Homes by fixing Plaintiffs' title to said property and such other relief as a jury may ascertain.

## Count VI

61. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

62. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

63. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes warranted that the Defendants had clear title to the property.

64. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

65. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

66. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

67. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

68. Defendants undertook a duty to Plaintiffs when it sold such property to Plaintiffs.

69. Defendants breached its duty to Plaintiffs by selling Plaintiffs property without good and proper title.

70. As a result of the Defendants' breach of duty, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against Defendant Jim Walter, Defendant

Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages and $500,000.00 punitive damages.

**Plaintiffs demand trial by struck jury.**

Done this the 1st day of June, 2005.

BARRY LEAVELL & ASSOCIATES
FOR THE FIRM

BARRY C. LEAVELL, LEA004
205 MADISON AVENUE
MONTGOMERY, ALABAMA 36104
TELEPHONE (334) 834-8663
FAX (334) 834-8667

*OR TUSCALOOSA OFFICE:*
HALLIE L. LEAVELL, LEA015
MICHAEL J. MUSGROVE, MUS008
903 MAIN AVENUE, SUITE A
NORTHPORT, ALABAMA 35476
TELEPHONE (205) 248-0053
FAX (205) 248-0083

*Our file # 3-04 T*

## **Exhibit A**

Commencing at the Southeast corner of the Northeast ¼ of the Southwest ¼ of Section 9, Township 1 South, Range 2 East, said point being a found axle; thence North 02 degrees 27 minutes East along the East line of said ¼-1/4, a distance of 211.62 feet to a found iron pin; thence North 74 degrees 12 minutes West, a distance of 211.36 feet to an iron pin, said pin being the Point of Beginning of the herein described parcel; thence continue North 74 degrees 12 minutes West, a distance of 212.38 feet to a found iron pin; thence South 12 degrees 45 minutes West, a distance of 92.54 feet to a found iron pin; thence South 74 degrees 39 minutes West, a distance of 251.71 feet to a found iron pin on the easterly Right of Way of Winnataska Road; thence North 07 degrees 33 minutes West along said Easterly Right Of Way, a distance of 128.65 feet to a point; thence North 09 degrees 04 minutes West along said Easterly Right of Way, a distance of 112.86 feet to a point; thence North 10 degrees 47 minutes West along said Easterly Right of Way, a distance of 87.85 feet to an iron pin; thence North 86 degrees 49 minutes East, a distance of 519.47 feet to an iron pin; thence South 00 degrees 00 minutes East, a distance of 254.99 feet to the Point of Beginning of the above described parcel. Said parcel contains 3.00 Acres more or less.