RECEIVED IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
2005 JUN 20 P 3: 31   NORTHERN DIVISION[1]

DEBRA P. HACKETT, CLK

| | | |
|---|---|---|
| THOMAS HOLLOWAY and | ) | |
| TERRI WILSON HOLLOWAY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:05cv516-M |
| | ) | |
| JIM WALTER HOMES, INC., | ) | JURY DEMAND |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |


**DEFENDANTS JIM WALTER HOMES, INC.,
WILLIAM J. WADE AS TRUSTEE OF MID-STATE TRUST VII,
AND MID-STATE HOMES, INC.'S
MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS PENDING ARBITRATION**

Defendants Jim Walter Homes, Inc. [JWH], William J. Wade as Trustee of Mid-State Trust VII (Trust)[2], and Mid-State Homes, Inc. [Mid-State], by and through counsel, move the Court for an order compelling arbitration of all claims raised in this case and staying further proceedings in this cause pending said arbitration, it being shown in support hereof the following matters:

**Procedural Background**

1. On or about June 1, 2005, Thomas Holloway and Terri Wilson Holloway commenced this case against Defendants JWH, Trust, Mid-State and several fictitiously described defendants.[3]

---

[1] The caption of the complaint incorrectly refers to the "Middle Division" instead of the Northern Division.
[2] The complaint incorrectly refers to "William J. Ward" instead of the correct name of the Trustee which is "Wade."
[3] The fictitious parties are ignored since such practice is not permitted in federal court.

2. In their complaint, the Holloways refer to a transaction with JWH, Trust and Mid-State whereby they entered into a sales contract with JWH, Trust and Mid-State for the conveyance of certain real property via a special warranty. [Plaintiffs' Complaint ¶ 8; Exhibit 1.] [A complete copy of the contract is affixed as Exhibit A to the affidavit of Vance Nelson, attached hereto as Exhibit 2.]

3. The sales contract signed by the Holloways[4] included an arbitration agreement. [Exhibit A to the affidavit of Vance Nelson.]

4. The arbitration agreement provides that "any controversy or claim arising out of or relating to this contract, or the breach thereof, whether asserted as in tort or contract, or as a federal or state statutory claim, arising before, during or after performance of this contract, shall be settled by binding arbitration . . . ."

5. The agreement specifically provides that "[t]he parties acknowledge that some or all of the materials, fixtures, and equipment, as well as the source of financing contemplated by this contract, will be purchased, received or have their origin from sources outside the state when this contract is entered into."

6. The payments on the home made by the Holloways were to be, and have been, mailed to an address in either Tampa, Florida or Atlanta, Georgia; some of the materials used to build the original home did in fact travel in interstate commerce; and JWH and Mid-State are foreign corporations with their principal places of business in Tampa, Florida. Trust is a Delaware business trust. [Affidavit of Vance Nelson.] These facts are sufficient to satisfy the "commerce" element of the Federal Arbitration Act. See Jim Walter Homes, Inc. v. Spraggins, 853 So.2d 913 (Ala. 2002);

---

[4] Ms. Holloway signed the contract documents as Terri L. Wilson. It is assumed that she subsequently married Thomas

2

Roberson v. The Money Tree of Alabama, Inc., 954 F.Supp. 1519, 1523 (M.D.Ala. 1997); Ballard Services, Inc. v. Conner, 807 So.2d 519 (Ala. 2001) (recognizing that the repair of plaintiff's home had a substantial effect on interstate commerce where, among other things, a foreign corporation [JWH] held a mortgage on the home and had to sign off on all checks for payment); Benchmark Homes, Inc. v. Aleman, 786 So.2d 1101 (Ala. 2000) (construction of a house had substantial effect on interstate commerce); Green Tree Financial Corp. v. Lewis, 813 So.2d 820 (Ala. 2001) (finding that the transaction at issue had a substantial effect on interstate commerce where the defendant was a foreign corporation with its principal place of business outside Alabama and the payments to be made pursuant to the transaction were to be sent by the plaintiffs to another state).

7.  After JWH and Trust conveyed the property in issue as part of the sales transaction, bad faith and breach of duty, the Holloways filed their complaint alleging negligence, wantonness, breach of contract/warranty, fraud, bad faith and breach of contract arising from their allegations that the title to the real property was defective.

### Argument in Support of Motion

The arbitration agreement between the Holloways, JWH and Trust[5] must be enforced under the Federal Arbitration Act [FAA], 9 U.S.C. § 1, et seq., and the Holloways are required to arbitrate their claims against JWH, Trust and Mid-State for the following reasons:

(A)  Under the FAA, a written provision in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

---

[5] Mid-State was not a party to the conveyance or the sales contract. However, Plaintiffs allege that Mid-State is the alter ego of both JWH and Trust. (Plaintiffs' Complaint ¶ 5). Accordingly, notwithstanding that Mid-State is not a signatory to the arbitration agreement (and otherwise should not have been named as a defendant), it is entitled to compel arbitration of the claims against it based on the alter ego allegations. See Employees Insurance of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th Cir. 2001); Fisser v. International Bank, 282 F.2d 231, 234 (2d Cir. 1960);

3

equity for the revocation of any contract." 9 U.S.C. § 2. The arbitration agreement at issue satisfies these standards because (i) it is in writing and (ii) relates to a "transaction involving commerce." Since the money paid for the home and materials used to build the home traveled in interstate commerce, the transaction involved interstate commerce in fact as required under Allied-Bruce Terminex Companies, Inc. v. Dobson, 513 U.S. 265 (1995); see also Jim Walter Homes, Inc. v. Spraggins, supra. Further, JWH, Trust and Mid-State are foreign entities with their principal places of business outside the State of Alabama. Since the arbitration agreement meets the requirements of the FAA, the FAA applies and "preempts conflicting state law." Allied- Bruce Terminex Companies, Inc., 465 U.S. 1 (1984).

  (B) Whether the language of an arbitration agreement is sufficiently broad to encompass the claims sought to be arbitrated is a matter of contract interpretation which, absent ambiguity in the agreement, is evidenced by the agreement's plain language. See generally Roberson v. The Money Tree of Alabama, Inc., 954 F.Supp. 1519, 1527-28 (M.D.Ala. 1997). Here, the arbitration agreement is not ambiguous at all. It clearly reaches all of the Holloways' asserted claims and requires arbitration - not litigation - of those claims. See First Options of Chicago, Inc. v. Kaplan, 115 S.Ct. 1920, 1923 (1995).

  WHEREFORE, Defendants Jim Walter Homes, Inc., William J. Wade as Trustee of Mid-State Trust VII, and Mid-State Homes, Inc. move the Court to enter an order compelling Plaintiffs to arbitrate all of their claims against each of them and staying further action in this case pending completion of arbitration.

---

Jim Walter Homes, Inc. v. Spraggins, 853 So.2d 913, 920 (Ala. 2002).

_____
George W. Walker, III (WAL097)

**ATTORNEY FOR DEFENDANTS
JIM WALTER HOMES, INC.; WILLIAM J.
WADE AS TRUSTEE OF MID-STATE TRUST
VII; and MID-STATE HOMES, INC.**

OF COUNSEL:

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama  36101-0347
Tel:  (334) 834-1180
Fax: (334) 834-3172

5

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of June, 2005, I have served a copy of the foregoing MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION upon the following counsel of record by placing same in the United States Mail, postage prepaid and properly addressed:

Barry C. Leavell, Esq.
BARRY LEAVELL & ASSOCIATES
205 Madison Avenue
Montgomery, AL  36104
Tel:  (334) 834-8663
Fax: (334) 834-8667

Hallie L. Leavell, Esq.
Michael J. Musgrove, Esq.
BARRY LEAVELL & ASSOCIATES
903 Main Avenue, Suite A
Northport, AL  35476
Tel:  (205) 248-0053
Fax: (205) 248-0083

_____
Of Counsel

6