**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| THOMAS HOLLOWAY and<br>TERRI WILSON HOLLOWAY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | CASE NO.  2:05cv516-M |
| JIM WALTER HOMES, INC.,<br>et al., | )<br>)<br>)<br>) | JURY DEMAND |
| Defendants. | ) | |

## **ANSWER**

Defendants Jim Walter Homes, Inc. [JWH], William J. Wade as Trustee of Mid-State Trust VII [Trust], which is incorrectly identified as William J. Ward, and Mid-State Homes, Inc. [Mid-State], without waiving their motion to compel arbitration and stay further proceedings pending arbitration, answer the allegations of Plaintiffs Thomas and Teri Wilson Holloway's complaint as follows:

1. Admitted.

2. Admitted to the extent that Defendant JWH is a Florida corporation doing business by agent in the State of Alabama.  The remaining allegations of paragraph 2 of the complaint are denied.

3. Defendant Trust admits that it is a Delaware business trust.  The remaining allegations of paragraph 3 of Plaintiffs complaint are denied.

4. Defendant Mid-State admits that it is a Florida corporation doing business in the State of Alabama. The remaining allegations of paragraph 4 of Plaintiffs' complaint are denied.

5. Denied.

6. The subject matter jurisdictional prerequisites are admitted.

7. Admitted to the extent that Defendant JWH has business locations in the State of Alabama including locations within the Middle District of Alabama. To the extent not admitted, the allegations of paragraph 7 of Plaintiffs' complaint are denied.

8. Admitted to the extent that Defendants JWH and Trust conveyed, by a special warranty deed, certain real property located within the State of Alabama. To the extent not admitted, the allegations of paragraph 8 of Plaintiffs' complaint are denied.

9. Admitted to the extent that Plaintiffs executed a mortgage in favor of Trust and JWH on or about April 3, 2001 to secure an indebtedness of $147,264.00. To the extent not admitted, the allegations of paragraph 9 of Plaintiffs' complaint are denied.

10. Denied.

11. Defendants lack sufficient information to admit or deny the allegations of paragraph 11 of Plaintiffs' complaint; therefore, said allegations are denied.

12. Defendants lack sufficient information to admit or deny the allegations of paragraph 12 of Plaintiffs' complaint; therefore, said allegations are denied.

13. Defendants lack sufficient information to admit or deny the allegations of paragraph 13 of Plaintiffs' complaint; therefore, said allegations are denied.

14. Defendants lack sufficient information to admit or deny the allegations of paragraph 14 of Plaintiffs' complaint; therefore, said allegations are denied.

15. Denied.

16. Defendants lack sufficient information to admit or deny the allegations of paragraph 16 of Plaintiffs' complaint; therefore, said allegations are denied.

## Count One

17. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set fort herein.

18. Admitted.

19. Denied.

20. Defendants lack sufficient information to admit or deny the allegations of paragraph 20 of Plaintiffs' complaint; therefore, said allegations are denied.

21. Defendants lack sufficient information to admit or deny the allegations of paragraph 21 of Plaintiffs' complaint; therefore, said allegations are denied.

22. Defendants lack sufficient information to admit or deny the allegations of paragraph 22 of Plaintiffs' complaint; therefore, said allegations are denied.

23. Defendants lack sufficient information to admit or deny the allegations of paragraph 23 of Plaintiffs' complaint; therefore, said allegations are denied.

24. Denied, including each subparagraph thereof.

## Count Two

25. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

26. Admitted.

27. Denied.

28. Defendants lack sufficient information to admit or deny the allegations of paragraph 28 of Plaintiffs' complaint; therefore, said allegations are denied.

29. Defendants lack sufficient information to admit or deny the allegations of paragraph 29 of Plaintiffs' complaint; therefore, said allegations are denied.

30. Defendants lack sufficient information to admit or deny the allegations of paragraph 30 of Plaintiffs' complaint; therefore, said allegations are denied.

31. Defendants lack sufficient information to admit or deny the allegations of paragraph 31 of Plaintiffs' complaint; therefore, said allegations are denied.

32. Denied, including each subparagraph thereof.

## **Count Three**

33. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Defendants lack sufficient information to admit or deny the allegations of paragraph 38 of Plaintiffs' complaint; therefore, said allegations are denied.

39. Defendants lack sufficient information to admit or deny the allegations of paragraph 39 of Plaintiffs' complaint; therefore, said allegations are denied.

40. Defendants lack sufficient information to admit or deny the allegations of paragraph 40 of Plaintiffs' complaint; therefore, said allegations are denied.

41. Defendants lack sufficient information to admit or deny the allegations of paragraph 41 of Plaintiffs' complaint; therefore, said allegations are denied.

42. Denied, including each subparagraph thereof.

## Count Four

43. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

44. Admitted.

45. Denied.

46. Defendants lack sufficient information to admit or deny the allegations of paragraph 46 of Plaintiffs' complaint; therefore, said allegations are denied.

47. Defendants lack sufficient information to admit or deny the allegations of paragraph 47 of Plaintiffs' complaint; therefore, said allegations are denied.

48. Defendants lack sufficient information to admit or deny the allegations of paragraph 48 of Plaintiffs' complaint; therefore, said allegations are denied.

49. Defendants lack sufficient information to admit or deny the allegations of paragraph 49 of Plaintiffs' complaint; therefore, said allegations are denied.

50. Denied.

51. Denied.

52. Denied, including each subparagraph thereof.

## Count Five

53. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

54. Admitted.

55. Denied.

56. Defendants lack sufficient information to admit or deny the allegations of paragraph 56 of Plaintiffs' complaint; therefore, said allegations are denied.

57. Defendants lack sufficient information to admit or deny the allegations of paragraph 57 of Plaintiffs' complaint; therefore, said allegations are denied.

58. Defendants lack sufficient information to admit or deny the allegations of paragraph 58 of Plaintiffs' complaint; therefore, said allegations are denied.

59. Defendants lack sufficient information to admit or deny the allegations of paragraph 59 of Plaintiffs' complaint; therefore, said allegations are denied.

60. Denied, including each subparagraph thereof.

## **Count Six**

61. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

62. Admitted.

63. Denied.

64. Defendants lack sufficient information to admit or deny the allegations of paragraph 64 of Plaintiffs' complaint; therefore, said allegations are denied.

65. Defendants lack sufficient information to admit or deny the allegations of paragraph 65 of Plaintiffs' complaint; therefore, said allegations are denied.

66. Defendants lack sufficient information to admit or deny the allegations of paragraph 66 of Plaintiffs' complaint; therefore, said allegations are denied.

67. Defendants lack sufficient information to admit or deny the allegations of paragraph 67 of Plaintiffs' complaint; therefore, said allegations are denied.

68. Denied.

69. Denied.

70. Denied, including each subparagraph thereof.

71. To the extent not expressly admitted, the allegations of Plaintiffs' complaint are denied.

### First Affirmative Defense

Plaintiffs' complaint and each count thereof is subject to binding arbitration.

### Second Affirmative Defense

Counts One, Two, Three, Four and Six are barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiffs have failed to plead fraud with the requisite degree of specificity.

### Fourth Affirmative Defense

Venue is improper within the Middle District of Alabama.

### Fifth Affirmative Defense

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### Sixth Affirmative Defense

Counts One and Six of Plaintiffs' complaint fail to state a claim upon which punitive damages would be recoverable.

### Seventh Affirmative Defense

Plaintiffs' demand for punitive damages violates the excessive fines provisions, due process and equal protection clauses of both the United States Constitution and the Alabama Constitution of 1901.

### Eighth Affirmative Defense

Defendants plead all procedural and substantive limitations, including but not limited to the statutory caps, applicable to the imposition and/or award of punitive damages.

### Ninth Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any.

    /s George W. Walker, III
George W. Walker, III (WAL097)

**ATTORNEY FOR DEFENDANTS
JIM WALTER HOMES, INC.; WILLIAM J.
WADE AS TRUSTEE OF MID-STATE TRUST
VII; and MID-STATE HOMES, INC.**

**OF COUNSEL**:

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama  36101-0347
Tel:  (334) 834-1180
Fax: (334) 834-3172

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 23, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Barry Clayton Leavell**
  bcl@barryleavell.com  hallie@barryleavell.com

- **Hallie Laura Leavell**
  hallie@barryleavell.com  bcl@barryleavell.com

- **Michael Jason Musgrove**
  mjm@barryleavell.com  hallie@barryleavell.com


                                               /s George W. Walker, III
                                               Of Counsel