IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS HOLLOWAY and, )( | |
| TERRI WILSON HOLLOWAY, )( | |
|     Plaintiffs, )( | |
| )( | |
| Vs. )( | CASE NO. 2:05cv516-M |
| )( | |
| JIM WALTER HOMES, INC., )( | |
| et al., )( | |
|     Defendants. )( | |

**PLANTIFFS THOMAS HOLLOWAY AND TERRI WILSON HOLLOWAY'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDING PENDING ARBITRATION**

COME NOW the Plaintiffs, Thomas Holloway and Terri Wilson Holloway, by and through their attorneys at law, and submit this their brief in Response to Defendants' Motion to Compel Arbitration and Stay Proceedings pending Arbitration, and in support of same show as follows:

STATEMENT OF FACTS AND HISTORY:

1. On or around April 3, 2001, Defendants Jim Walter Homes, Inc., (hereinafter "Jim Walter"), and William J. Wade as Trustee of Mid-State Trust VII ("Mid-State") conveyed by special Warranty Deed a parcel of land in St. Clair county located at 5808 Mt. Olive Road, Gardendale, Alabama. See "Exhibit A" attached hereto.

2. On or around June 1, 2001, the special Warranty Deed was recorded in St. Clair County, at Deed Book 2001 Page 4177. Id.

3. In such Warranty Deed, Defendants Jim Walter and Mid-State covenanted that "it is lawfully seized of said premises…and that it has good right and lawful authority to sell the same" and that it "does hereby fully warrant the title to said land, and will defend the same" Id.

4. On or around the 3rd day of April 2001, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, Inc. (hereinafter "Mid-State Homes"), extended a mortgage to the Plaintiffs for the purchase of the property.

5. On or around February 2004, Plaintiffs entered into an agreement to refinance their home.

6. At such time and during the course of such attempted transaction, Plaintiffs learned that they did not possess clear title to the property and that in fact, Defendants Jim Walter and Mid-State did not have clear title to the property.

7. Plaintiff's then immediately notified Defendant that title was not clear and requested that Defendant clear the title. Defendant's refused to clear the title.

8. On or around June 1, 2005, Plaintiffs filed suit against Defendants Jim Walter, Mid-State and Mid-State Homes. See "Exhibit B" attached hereto.

9. Such Bill of Complaint alleges that Plaintiffs purchased the property via Special Warranty Deed[1] with the assertion of good and clear title from the Defendants and specifies counts of negligence, wantonness and/or recklessness, fraudulent misrepresentation and actions, bad faith, breach of warranty and breach of duty[2] against Defendants for the lack of clear title. Id. at pgs. 3-8.

LEGAL ARGUMENT:

Arbitration is unenforceable in this matter and the arbitration agreement does not apply to the allegations and claims asserted in connection with this action. For the following reasons, arbitration should not be compelled.

Under the Federal Arbitration Act (hereinafter "FAA"), an arbitration clause commenced in a contract and evidencing interstate commerce is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity

---

[1] Defendants' Motion to Compel Arbitration and Stay Proceedings Pending Arbitration incorrectly asserts that Plaintiffs' Complaint references a sales contract between the parties.
   "2. In their complaint, the Holloways refer to a transaction with JWH, Trust and Mid-State whereby they entered into a sales contract with JWH, Trust and Mid-State for the conveyance of certain real property via a special warranty."  See Defendants' Motion to Compel Arbitration and Stay Proceeding Pending Arbitration, at 2 (hereinafter "Motion to Compel").
In fact, Plaintiffs' Complaint does not reference, mention, utilize or base an assertion upon the sales contract relied upon by Defendants. Plaintiffs made no claim arising out of or as a result of said sales contract. Plaintiffs' Complaint only raises assertions based upon the Warranty Deed executed and delivered between the parties.

[2] In Defendants' Motion to Compel paragraph 7, they state that Plaintiffs filed a compliant alleging "breach of contract/warranty…and breach of contract." Id. at 3. Such is an ambiguous assertion. Plaintiffs sued Defendants for breach of warranty and breach of duty. Exhibit B, at 7,8. Plaintiffs allege breach of warranty on the basis that Defendants issued to Plaintiffs a Warranty Deed that covenanted the Defendants had title to the subject property. As Defendants did not, Plaintiffs sued for breach of the warranty provided in the Warranty Deed. Plaintiffs also sued for breach of duty. The Special Warranty Deed contains a provision wherein the Defendants covenanted to

for the revocation of any contract." 9 U.S.C. §1at 2. To compel arbitration, the party seeking arbitration must prove the existence of such a provision in a contract and that such transaction involved interstate commerce. See Allied-Bruce Terminex Companies, Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834 (1995).

In the present case, the Defendants have sought to prove the existence of an arbitration provision and an effect upon interstate commerce, as provided for by the FAA and governing case law. However, the FAA itself provides an exception to coverage for the pending case: "save upon such as exist at law or in equity." Supra. Based upon the storied doctrine of Merger, the contract and arbitration provision are defunct.

The Alabama Supreme Court has explained the doctrine of Merger as follows: "Ordinarily, in the absence of fraud or mistake, when a contract to convey has been consummated by the execution and delivery of the deed, the contract becomes *functus officio*, and the deed becomes the sole memorial and expositor of the agreement between the parties, and upon it thereafter the rights of the parties rest exclusively…" Thibodeaux v. Hold, 540 So.2d 1378, 1380 (Ala. 1989)(hereinafter Thibodeaux) (citing Jones v. Dearman, 508 So.2d 707 (Ala. 1987)).

---

"defend" the title to the property conveyed. Exhibit A. It is this duty that Plaintiffs contend Defendants breached.

The Alabama Supreme Court again articulated this principle in <u>Swanson v. Green</u>, 572 So.2d 1246 (Ala. 1990) (hereinafter "<u>Swanson</u>").  In <u>Swanson</u>, the court examined the restrictive covenants on property to determine whether or not restrictions placed upon a bond for title but not upon a subsequent deed would bind the property and its owners to the restrictions and prohibitions.  The Court held that the deed alone determined the rights of parties, finding that "[B]ecause none of the deeds…contains any restrictions…the provisions in the bonds for title prohibiting business on the Holladays' property and the Greens' property 'merged with' the deeds and are of no effect." <u>Id</u>. at 1248.

Under the doctrine of Merger, after the execution and delivery of the Warranty Deed from Defendants to Plaintiffs, the contract, and ergo, the arbitration agreement, became defunct and the rights of the parties vested solely to the Warranty Deed.  As the Deed itself contains no arbitration provision, no valid arbitration provision exists as to be enforced against Plaintiffs.  <u>See</u> <u>Exhibit A</u>.

Justice Woodall unsuccessfully argued the doctrine of merger in <u>Allied-Bruce Terminix Companies, Inc. v. Butler</u>, 816 So.2d 9 (Ala. 2001) (hereinafter "<u>Butler</u>"). However, <u>Butler</u> is factually dissimilar from the case at hand. In <u>Butler</u>, the basis of the lawsuit emanated from the sales contract; in the present case, the allegations and claims are couched in the Deed itself. <u>See</u> <u>Exhibit B</u>. In <u>Butler</u>, the Butlers purchased a house from the Ritzes. In conjunction with such purchase, the parties entered into a real estate purchase agreement. Such agreement provided for Termite inspection, bond, report and transfer of a bond. <u>Id.</u> at 11. The real estate purchase agreement also contained an arbitration provision, requiring all disputes to be settled by arbitration. <u>See Id.</u> The Butlers subsequently sued the Termite Company and the sellers for a variety of counts, including fraud and breach of contract. The Court found the dispute closely entangled with the real estate purchase agreement and thereby controlled by the arbitration provision and remanded the matter.

The current case centers around assurances made in the Warranty Deed itself. In particular, the crux of the allegations rest upon the assertions of the conveyance of title and the lack thereof. As such, the lack of arbitration provision in the Warranty Deed should, based upon the doctrine of Merger, make *functus officio* the provisions of the contract and arbitration provision.

WHEREFORE, Plaintiffs Thomas Holloway and Terri Wilson Holloway request this Honorable Court deny Defendants' Motion to Compel Arbitration and Stay Proceedings pending Arbitration.

RESPECTFULLY SUBMITTED this the 28th day of July, 2005.

>BARRY LEAVELL & ASSOCIATES
>FOR THE FIRM:
>
>BARRY C. LEAVELL, LEA004
>205 MADISON AVENUE, STE A.
>MONTGOMERY, AL 36104
>(334) 834-8663
>(334) 834-8667 FAX
>
>OR IN TUSCALOOSA:
>
>HALLIE L. LEAVELL, LEA015
>MICHAEL J. MUSGROVE, MUS008
>903 MAIN AVENUE, SUITE A
>NORTHPORT, ALABAMA 35476
>TELEPHONE (205) 248-0053
>FAX (205) 248-0083

WHEREFORE, Plaintiffs Thomas Holloway and Terri Wilson Holloway request this Honorable Court deny Defendants' Motion to Compel Arbitration and Stay Proceedings pending Arbitration.

RESPECTFULLY SUBMITTED this the ___ day of July, 2005.

        BARRY LEAVELL & ASSOCIATES
          FOR THE FIRM:

        _____
        BARRY C. LEAVELL, LEA004
        205 MADISON AVENUE, STE A.
        MONTGOMERY, AL 36104
        (334) 834-8663
        (334) 834-8667 FAX

        OR IN TUSCALOOSA:

        HALLIE L. LEAVELL, LEA015
        MICHAEL J.MUSGROVE, MUS008
        903 MAIN AVENUE, SUITE A
        NORTHPORT, ALABAMA 35476
        TELEPHONE (205) 248-0053
        FAX (205) 248-0083