RESALE OF MARY JOHNSON    #552423    #892205

SALES PRICE    : $ 60,000.00
DOWNPAYMENT    : $       50.00
AMT FINANCED:   $ 67,000.00
TIME CHARGES:  $ 80,264.00
TIME PRICE     : $ 147,264.00



2001   4177
Recorded in the Above
DEED Book & Page
06-01-2001 03:24:18 PM
Wallace Wyatt Jr - Probate Judge
St. Clair County, Alabama

# ALABAMA
## SPECIAL WARRANTY DEED

THIS INDENTURE, Made this __3rd__ day of __April__, 19/2001, BETWEEN Jim Walter Homes, Inc.,* a corporation existing under the laws of the State of Florida, having its principal place of business at 1500 North Dale Mabry Highway, Tampa, Florida 33607 and William J. Wade, not in his individual capacity but solely as trustee of Mid-State Trust VII, a Delaware business trust established pursuant to a Trust Agreement dated as of December 10, 1998, with an address of William J. Wade, c/o Richards, Layton & Finger, One Rodney Square, Wilmington, Delaware, 19890, Attention: Corporate Trust Department, hereinafter, collectively, the party of the first part, and __Thomas Holloway & wife Terri L. Wilson **__ __As joint tenants with full rights of survivorship not as tenants in common__ __5808 Mt. Olive Road   Gardendale, AL 35071__ of the County of __ST. CLAIR__ and State of Alabama, part __ies__ of the second part, WITNESSETH, that the said party of the first part, for and in consideration of the sum of ----$10.00-TEN AND OTHER VALUABLE CONSIDERATIONS---------------------- Dollars, to it in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, remised, released, conveyed and confirmed, and by these presents doth grant, bargain, sell, alien, remise, release, convey and confirm unto said part __ies__ of the second part, and __their__ heirs and assigns forever, all that certain parcel of land lying and being in the County of __ST. CLAIR__ and State of Alabama, more particularly described on Exhibit A attached hereto and made a part hereof.

TOGETHER with all the tenements, hereditaments and appurtenances, with every privilege, right, title, interest and estate, reversion, remainder and easement thereto belonging or in anywise appertaining; TO HAVE AND TO HOLD the same in fee simple forever.

And the said party of the first part doth covenant with the said part __ies__ of the second part that it is lawfully seized of the said premises; that they are free of all encumbrances, and that it has good right and lawful authority to sell the same; and the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever by, through and under the party of the first part, but not otherwise.

IN WITNESS WHEREOF, the party of the first part has caused these presents to be signed in their names by __Lane Hudson__, __Vice-President__ of Jim Walter Homes, Inc., for that company both individually and as Attorney-in-Fact for William J. Wade, trustee, the day and year above written.

\* GRANTOR
\*\*GRANTEE

JIM WALTER HOMES, INC.

By:
Name: LANE HUDSON
Title: Vice-President

William J. Wade, not in his individual capacity, but solely as trustee of Mid-State Trust VII

By: Jim Walter Homes, Inc., his Attorney-in-Fact

By:
Name: LANE HUDSON
Title: Vice-President

RETURN TO
JIM WALTER HOMES, INC.
ATTN: JOHN P. PANGANIBAN
P.O. BOX 31601
TAMPA, FL 33631-3601

1

2001 4178
Recorded in the Above
DEED Book & Page
06-01-2001 03:24:16 PM

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BE IT REMEMBERED that on this day before me, a Notary Public within and for the county and state aforesaid, duly authorized, acting and commissioned, personally appeared ___Lane Hudson___, to me personally well known, who acknowledged that he/~~she~~ is the ___Vice-President___ of Jim Walter Homes, Inc., a corporation, and that as such officer being authorized so to do, had executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/~~herself~~ as such officer.

WITNESS my hand and official seal as such Notary Public on this the ___3rd___ day of ___April___, ~~19~~ 2001.

_Sandra M. Self_
NOTARY PUBLIC
Print Name: SANDRA M. SELF
My Commission Expires:

Sandra M Self
My Commission CC812820
Expires October 24, 2003

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

I, the undersigned authority, a Notary Public in and for said County, in said State, hereby certify that ___Lane Hudson___, whose name as ___Vice-President___ of Jim Walter Homes, Inc., a corporation, as Attorney-in-Fact for William J. Wade, not in his individual capacity but solely as Trustee of Mid-State Trust VII, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of this instrument, he, as such officer and with full authority, executed the same voluntarily for and as an act of said corporation, acting in its capacity as aforesaid.

WITNESS my hand and official seal as such Notary Public on this the ___3rd___ day of ___April___, ~~19~~ 2001.

_Sandra M. Self_
NOTARY PUBLIC
Print Name: SANDRA M. SELF
My Commission Expires:

Sandra M Self
My Commission CC812820
Expires October 24, 2003

THIS INSTRUMENT PREPARED BY:
Jeffrey P. Thofner
Attorney at Law
P. O. Box 31601
Tampa, FL 33631-3601

AFTER RECORDING RETURN TO:
Jim Walter Homes, Inc.
P. O. Box 31601
Tampa, FL 33631-3601
Attn: C. T. Witherington

TEP-T-3.VII (1/99)

2

```
2001   4178
Recorded in the Above
DEED Book & Page
06-01-2001 03:24:18 PM
```

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BE IT REMEMBERED that on this day before me, a Notary Public within and for the county and state aforesaid, duly authorized, acting and commissioned, personally appeared __Lane Hudson__, to me personally well known, who acknowledged that he/she is the __Vice-President__ of Jim Walter Homes, Inc., a corporation, and that as such officer being authorized so to do, had executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as such officer.

WITNESS my hand and official seal as such Notary Public on this the __3rd__ day of __April__, ~~19~~ 2001.

*Sandra M. Self* (signature)
NOTARY PUBLIC
Print Name: SANDRA M. SELF
My Commission Expires:

Sandra M Self
My Commission CC812820
Expires October 24, 2003

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

I, the undersigned authority, a Notary Public in and for said County, in said State, hereby certify that __Lane Hudson__, whose name as __Vice-President__ of Jim Walter Homes, Inc., a corporation, as Attorney-in-Fact for William J. Wade, not in his individual capacity but solely as Trustee of Mid-State Trust VII, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of this instrument, he, as such officer and with full authority, executed the same voluntarily for and as an act of said corporation, acting in its capacity as aforesaid.

WITNESS my hand and official seal as such Notary Public on this the __3rd__ day of __April__, ~~19~~ 2001.

*Sandra M. Self* (signature)
NOTARY PUBLIC
Print Name: SANDRA M. SELF
My Commission Expires:

Sandra M Self
My Commission CC812820
Expires October 24, 2003

THIS INSTRUMENT PREPARED BY:
Jeffrey P. Thofner
Attorney at Law
P. O. Box 31601
Tampa, FL 33631-3601

AFTER RECORDING RETURN TO:
Jim Walter Homes, Inc.
P. O. Box 31601
Tampa, FL 33631-3601
Attn: C. T. Witherington

TEP-T-3.VII (1/99)

2

COUNTY OF ST. CLAIR
STATE OF ALABAMA

EXHIBIT "A"

Commencing at the Southeast corner of the Northeast ¼ of the Southwest ¼ of Section 9, Township 17 South, Range 2 East, said point being a found axle; thence North 02 degrees 27 minutes East along the East line of said ¼-¼, a distance of 211.62 feet to a found iron pin; thence North 74 degrees 12 minutes West, a distance of 211.36 feet to an iron pin, said pin being the Point of Beginning of the herein described parcel; thence continue North 74 degrees 12 minutes West, a distance of 212.38 feet to a found iron pin; thence South 12 degrees 45 minutes West, a distance of 92.54 feet to a found iron pin; thence South 74 degrees 39 minutes West, a distance of 251.71 feet to a found iron pin on the Easterly Right of Way of Winnataska Road; thence North 07 degrees 33 minutes West along said Easterly Right of Way, a distance of 128.65 feet to a point; thence North 09 degrees 04 minutes West along said Easterly Right of Way, a distance of 112.86 feet to a point; thence North 10 degrees 47 minutes West along said Easterly Right of Way, a distance of 87.85 feet to an iron pin; thence North 86 degrees 49 minutes East, a distance of 519.47 feet to an iron pin; thence South 00 degrees 00 minutes East, a distance of 254.99 feet to the Point of Beginning of the above described parcel. Said parcel contains 3.00 Acres more or less.

2001   4179
Recorded in the Above
DEED  Book & Page
06-01-2001 03:24:18 PM

Less and except any road right of ways of record. Grantor does not assume any liability for unpaid taxes.

This deed is given subject to that certain Mortgage from the Grantee herein to the Grantor herein dated the 3rd day of April, 2001.

A Purchase Money Mortgage is being recorded simultaneously herewith to secure the deferred payment indebtedness.

PARCEL #: 592702090000038007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2005 JUN -1 P 2:18

THOMAS HOLLOWAY and, )(
TERRI WILSON HOLLOWAY, DEBRA P. HACKETT, CLK
    Plaintiffs, U.S. DISTRICT COURT
MIDDLE DISTRICT ALA
                      )(
Vs. )(  CASE NO. 2:05cv516-M
                      )(
JIM WALTER HOMES, INC., )(
WILLIAM J. WARD, TRUSTEE OF )(
MID-STATE TRUST VII, MID-STATE )(
HOMES, INC., AND )(
A,B,C or D, the individual(s) or entity )(
that negligently, wantonly and fraudu- )(
lently transferred property with )(
bad title. )(  **DEMAND FOR JURY TRIAL**
    Defendants. )(

## BILL OF COMPLAINT

1.     Plaintiffs, **THOMAS HOLLOWAY and TERRI WILSON HOLLOWAY**, (hereinafter collectively "Holloways") are resident citizens of St. Clair County, State of Alabama, and are over the age of 19.

2.     Defendant, **JIM WALTER HOMES, INC.**, (hereinafter "Jim Walter") is a Florida corporation doing business throughout the state of Alabama through the buying, selling and financing of property and homes.

3.     Defendant, **WILLIAM J. WARD, TRUSTEE OF MID-STATE TRUST VII**, (hereinafter "Mid-State") is the Trustee of a Delaware business trust doing business in Alabama through the buying, selling and financing of property and homes.

4.     Defendant, **MID-STATE HOMES, INC.**, (hereinafter "Mid-State Homes") is a Florida corporation doing business in Alabama through the buying, selling and financing of property and homes.

5.     Defendant Mid-State Homes is believed to be an alter ego of Defendant Jim Walter and Defendant Mid-State in that the entities commingle responsibilities, property and

1

assets. The corporations have joint authority to execute documents and speak on behalf of each other.

6. The Plaintiffs and Defendants meet the criteria for Diversity of Citizenship, 28 U.S.C. §1332, and the amount in controversy in this action is over $75,000.00.

7. The Defendants have business locations across the state and operate, conduct and solicit business in the above district.

8. On or around the 3rd day of April 2001, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, sold the following property to Plaintiffs via a special warranty deed:

(See Exhibit A for legal description.)

9. On or around the 3rd day of April, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, extended a mortgage to the Plaintiffs for the purchase of the property in Exhibit A for the amount of One hundred forty-seven two hundred Sixty-four dollars ($147,264.00).

10. In such conveyance, Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, warranted that it had free and clear title to such property and that it would defend such title.

11. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

12. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

13. As a result of said search, Plaintiffs discovered that the title was not clear and that when Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes sold such property to Plaintiff, Defendants did not have clear title.

14. Plaintiffs were and are unable to refinance such property because of the errors and faults with the title.

15. Plaintiffs notified Defendants of the errors and problems within the title on numerous occasions and repeatedly requested the Defendants rectify such problems. However, Defendants failed to take any efforts at clearing title or remedying the problem.

16. As a result of Defendants' refusal to clear title, Plaintiffs are forced to continue in a high interest rate mortgage as opposed to the lower interest rates available.

2

## Count I

17. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

18. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

19. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, the latter acting as attorney in fact for Defendant Mid-State, negligently warranted that the Defendants had clear title to the property.

20. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

21. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

22. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

23. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

24. As a result of the Defendants' negligence, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance timely.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against the Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages and $500,000.00 punitive damages.

3

## Count II

25. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

26. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

27. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes, wantonly and/or recklessly warranted that the Defendants had clear title to the property.

28. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

29. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

30. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

31. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

32. As a result of the Defendants' wantonness and/or recklessness, the Plaintiffs suffered the following injuries:

   a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

   b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

   c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

   d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against the Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages plus $500,000.00 punitive damages.

## Count III

33. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

4

34. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

35. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes fraudulently warranted and misrepresented to Plaintiffs that the Defendants had clear title to the property.

36. Defendants knew or reasonably should have known that Defendants did not have clear title to said property but made such representations with the intention that Plaintiffs would rely upon same.

37. Plaintiffs reasonably relied upon Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes' misrepresentations.

38. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

39. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

40. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

41. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

42. As a result of the Defendants' fraudulent representations and actions, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against the Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages plus $500,000.00 punitive damages.

### Count IV

43. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

44. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

45. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes warranted that the Defendants had clear title to the property.

46. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

47. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

48. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

49. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

50. Plaintiffs made several requests to Defendants that it assist in clearing title and/or produce documents that might assist in same.

51. However, Defendants refused and acted in bad faith conveying unclear title while warranting that it had clear title and by refusing to clear title as it warranted.

52. As a result of the Defendants' bad faith, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

6

**WHEREFORE** Plaintiffs demand judgment against Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages and $500,000.00 punitive damages.

### Count V

53. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

54. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

55. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes warranted that the Defendants had clear title to the property.

56. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

57. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

58. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

59. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

60. As a result of the Defendants' breach of warranty, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand equitable relief from the Defendants Jim Walter, Mid-State and Mid-State Homes by fixing Plaintiffs' title to said property and such other relief as a jury may ascertain.

7

## Count VI

61. Plaintiffs incorporate all allegations heretofore made as if fully set out herein.

62. On or around April 3, 2001, Plaintiffs purchased the above subject property via a special warranty deed.

63. Defendant Jim Walter, Defendant Mid-State and Defendant Mid-State Homes warranted that the Defendants had clear title to the property.

64. On or around February 2004, Plaintiffs entered into an agreement to refinance their home with Countrywide.

65. During the preparation for such refinance, a title search was performed on Plaintiffs' property and title.

66. As a result of said search, Plaintiffs discovered that Defendants did not have clear title to the property at the time that it sold such property.

67. Plaintiffs were and are unable to refinance or sell such property because of the errors and faults with the title.

68. Defendants undertook a duty to Plaintiffs when it sold such property to Plaintiffs.

69. Defendants breached its duty to Plaintiffs by selling Plaintiffs property without good and proper title.

70. As a result of the Defendants' breach of duty, the Plaintiffs suffered the following injuries:

    a. Plaintiffs have been granted property that it cannot sale, mortgage or otherwise alienate.

    b. Plaintiffs will be caused to pay a higher interest rate because they are unable to refinance.

    c. Plaintiffs were caused to incur additional monies in an attempt to refinance such property.

    d. Plaintiffs were forced to hire an attorney to handle this matter.

**WHEREFORE** Plaintiffs demand judgment against Defendant Jim Walter, Defendant

8

Mid-State and Defendant Mid-State Homes in the sum of $150,000.00 compensatory damages and $500,000.00 punitive damages.

**Plaintiffs demand trial by struck jury.**

Done this the _____ day of June, 2005.

                          BARRY LEAVELL & ASSOCIATES
                          FOR THE FIRM

                          _____
                          BARRY C. LEAVELL, LEA004
                          205 MADISON AVENUE
                          MONTGOMERY, ALABAMA 36104
                          TELEPHONE (334) 834-8663
                          FAX (334) 834-8667

                          *OR TUSCALOOSA OFFICE:*
                          HALLIE L. LEAVELL, LEA015
                          MICHAEL J. MUSGROVE, MUS008
                          903 MAIN AVENUE, SUITE A
                          NORTHPORT, ALABAMA 35476
                          TELEPHONE (205) 248-0053
                          FAX (205) 248-0083

*Our file # 3-04 T*

### Exhibit A

Commencing at the Southeast corner of the Northeast ¼ of the Southwest ¼ of Section 9, Township 1 South, Range 2 East, said point being a found axle; thence North 02 degrees 27 minutes East along the East line of said ¼-1/4, a distance of 211.62 feet to a found iron pin; thence North 74 degrees 12 minutes West, a distance of 211.36 feet to an iron pin, said pin being the Point of Beginning of the herein described parcel; thence continue North 74 degrees 12 minutes West, a distance of 212.38 feet to a found iron pin; thence South 12 degrees 45 minutes West, a distance of 92.54 feet to a found iron pin; thence South 74 degrees 39 minutes West, a distance of 251.71 feet to a found iron pin on the easterly Right of Way of Winnataska Road; thence North 07 degrees 33 minutes West along said Easterly Right Of Way, a distance of 128.65 feet to a point; thence North 09 degrees 04 minutes West along said Easterly Right of Way, a distance of 112.86 feet to a point; thence North 10 degrees 47 minutes West along said Easterly Right of Way, a distance of 87.85 feet to an iron pin; thence North 86 degrees 49 minutes East, a distance of 519.47 feet to an iron pin; thence South 00 degrees 00 minutes East, a distance of 254.99 feet to the Point of Beginning of the above described parcel. Said parcel contains 3.00 Acres more or less.