IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS HOLLOWAY and ) | |
| TERRI WILSON HOLLOWAY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 2:05cv516-T |
| ) | |
| JIM WALTER HOMES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS JIM WALTER HOMES, INC.,
WILLIAM J. WADE AS TRUSTEE OF MID-STATE TRUST VII,
AND MID-STATE HOMES, INC.'S
<u>REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION</u>**

Defendants Jim Walter Homes, Inc. [JWH], William J. Wade as Trustee of Mid-State Trust VII (Trust)[1], and Mid-State Homes, Inc. [Mid-State], by and through counsel, submit their reply brief in support of their previously-filed motion to compel arbitration and stay proceedings pending arbitration.

**I. <u>Factual Background</u>**

For purposes of the instant motion, the facts are undisputed.[2] The Holloways entered into a sale contract on April 3, 2001 with JWH and Trust.[3] The contract was for the sale and financing of

---

[1] Mr. Wade is incorrectly referred to as "Ward" in Plaintiffs' complaint.

[2] The evidentiary submissions establishing the undisputed facts are attached to Defendants' motion to compel arbitration and are specifically referred therein.

an existing house that had been constructed by JWH. The contract contained a number of terms and conditions of the sale, such as the financing terms, insurance obligations, etc. The contract also contained an arbitration agreement. Contemporaneous with the execution of the sale contract, a special warranty deed was delivered to the Holloways on April 3rd.[4]

The Holloways filed their lawsuit on June 1, 2005 alleging various causes of action based upon their assertion that the title to their land and house was defective.

## II.     Plaintiffs' Response to Arbitration

The Holloways do not challenge the fact that they each executed a contract containing an arbitration agreement. Nor do they contest that the transaction at issue involved interstate commerce or that the terms of the arbitration agreement are sufficiently broad to encompass all of their asserted claims. Instead, the Holloways' sole argument in opposition to arbitration is predicated on the merger doctrine. The Holloways contend that the contract containing the arbitration agreement "merged" into the special warranty deed delivered to the Holloways and thus ceased to exist. Therefore, since the contract no longer existed and the deed did not contain an arbitration provision, they cannot be required to arbitrate their dispute.

## III.    Argument

The Supreme Court of the United States has held with regard to the construction of arbitration clauses:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, <u>whether the problem at hand is the construction</u>

---

[3] Mid-State was not a party to the contract but is claimed to be the alter ego of JWH and/or Trust.

[4] As of April 3, 2001, Terri Holloway went by Terri L. Wilson.

> of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. [Emphasis added].

Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 24-25 (1983).

The Supreme Court of the United States reaffirmed its holding in Moses H. Cone Memorial Hospital, supra in Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468 (1989). In Volt Information Services, Inc., the Court stated:

> [I]n applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the Act, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.

Id. at 475-76.

The intentions of the parties to an arbitration agreement are controlling; however, "those intentions are generously construed as to issues of arbitrability". Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). Under Alabama law, the intent of the parties is determined from the entire contract. See Loerch v. National Bank of Commerce, 624 So.2d 552,553 (Ala. 1993). Words in a contract are to be given their plain and ordinary meaning. See Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 36 (Ala. 1998). Once a Court determines that the contract is not ambiguous then it is presumed that the parties intended what is provided for in the contract and the contract must me enforced as written. Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d at 36; Voyager Life Insurance Company v. Whitson, 703 So.2d 944, 948 (Ala. 1997). Only if the Court determines that an ambiguity exists, are the rules of contract construction employed. See Voyager Life Insurance Company, 703 So.2d at 948.

The Holloways' reliance upon the merger doctrine is misplaced. The merger doctrine is generally recognized as follows:

> In the absence of fraud or mistake, and in the absence of <u>collateral contractual provisions or agreement that are not intended to be merged in the deed</u>, the acceptance of a deed tendered in performance of an agreement to convey merges the written or oral agreement to convey in the deed, and thereafter the deed regulates the rights and liabilities of the parties . . . . (emphasis added) 77 Am Jur 2d <u>Vendor and Purchaser</u> § 286 (1997); <u>see generally</u> <u>Swanson v. Green</u>, 572 So.2d 1246 (Ala. 1990).

The merger doctrine applies to issues of title that are typically addressed in deeds, not to all matters contained in a sale contract. <u>See</u> <u>Drees Co. v. Osburg</u>, 144 S.W.3d 831 (Ky.Ct.App. 2003); <u>see generally</u> 77 Am Jur 2d <u>Vendor and Purchaser</u> § 290 (1997). Such matters are generally referred to as collateral. <u>Id.</u>

While no Alabama appellate court has apparently issued a controlling ruling on the specific issue of the merger doctrine and arbitration,[5] other courts to have considered the specific issue have rejected the Holloways' argument. <u>Drees Co.</u>, <u>supra</u>; <u>Engle Homes, Inc. v. Jones</u>, 870 So.2d 908 (Fla.Dist.Ct.App. 2004). In each of those cases, arbitration was compelled in the face of the same argument asserted by the Holloways. Further, both Kentucky and Florida acknowledge the merger doctrine and define it virtually the same as Alabama courts.

This is not a matter where the sale contract contained differing terms as to the warranties of title than were in the deed. The delivery of the deed was merely one aspect of the transaction. The Holloways' argument, taken to a logical extreme, would mean that no part of the contract survived the deed such that, by way of example, the Holloways would not have to insure the house since that provision was not put in the deed. The absurdity of such a result lends ample support to both the

---

[5] In <u>Allied-Bruce Terminix Co. v. Butler</u>, 816 So.2d 9 (Ala. 2001), the two concurring opinions of Justices Harwood

4

legal and logical rule that collateral matters which are unrelated to title are not merged into the deed. Otherwise, deeds would have to contain arbitration provisions, provisions as to warranties pertaining to improvements on the real property, financing terms and all other matters involved in real estate transactions, the vast majority of which are completely unrelated to the title converyed. As the Kentucky appellate court held in Drees Co.:

> The arbitration agreement in this case was collateral to the property transfer. It has nothing to do with the title, possession, quality or embellishments of the property. And it is reasonable to suppose that the parties intended post-closing performance of that clause; disputes, after all, frequently arise after closing. The trial court erred, therefore, when it applied the merger doctrine to the arbitration agreement.

144 S.W.3d at 833.

If the holding were otherwise, there would be no field of operation for the instant arbitration agreement, since it was executed at the same time as the deed was delivered. The contract, if the Holloway argument is accepted, had a life expectancy of only several minutes, until the deed was delivered, at which time it ceased to have any force and effect.

The arbitration agreement executed by the Holloways provided that it applied to "any controversy or claim arising out of or relating to this contract . . . arising before, during or after the performance of this contract . . .." This language covers a broad range of claims beyond those relating solely to the performance of the contract itself. See generally Gregory v. Electro-Mechanical Corp., 83 F.3d 382 (11th Cir. 1996); see also Van v. First Community Credit Corp., 834 So.2d 751 (Ala. 2002).

Given the breadth of the arbitration provision, the lack of applicability of the merger doctrine, coupled with the strong federal policy favoring arbitration that requires the resolution of all

---

and Lyons rejected the argument that the doctrine could defeat an arbitration agreement.

5

doubts (even though there should be none here) in favor of arbitration, Defendants submit that their motion to compel arbitration is due to be granted.

Respectfully submitted this 29th day of July, 2005.

/s George W. Walker, III
George W. Walker, III (WAL097)

**ATTORNEY FOR DEFENDANTS
JIM WALTER HOMES, INC.; WILLIAM J. WADE AS TRUSTEE OF MID-STATE TRUST VII; and MID-STATE HOMES, INC.**

**OF COUNSEL**:
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
Tel: (334) 834-1180
Fax: (334) 834-3172

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Barry Clayton Leavell**
  bcl@barryleavell.com hallie@barryleavell.com

- **Hallie Laura Leavell**
  hallie@barryleavell.com bcl@barryleavell.com

- **Michael Jason Musgrove**
  mjm@barryleavell.com hallie@barryleavell.com

/s George W. Walker, III
Of Counsel