IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS HOLLOWAY, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-516-WKW |
| ) | (WO) |
| JIM WALTER HOMES, INC., *et al.*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on Jim Walter Homes, Inc., William J. Wade as Trustee of Mid-State Trust VII, and Mid-State Homes, Inc.'s ("Defendants") Motion to Compel Arbitration and Stay Proceedings (Doc. # 10). For the reasons set forth herein, the Court finds the Motion to Compel is due to be GRANTED.

On April 3, 2001 Thomas Holloway and Terri Wilson Holloway ("Plaintiffs"), entered into a real estate purchase contract with Defendants. Exhibit "D" of the purchase contract reads in relevant part:

> The Parties agree that, at the election of either party, any controversy or claim arising out of or relating to this contract, or the breach thereof, whether asserted as in tort or contract, or as a federal or state statutory claim, arising before, during or after performance of this contract, shall be settled by binding arbitration . . . .

(Doc. # 10 Ex. A). Contemporaneous with the execution of the contract and arbitration agreement, Defendants conveyed the real property to Plaintiffs by special warranty deed. In relevant part, the special warranty deed reads:

> And the said party of the first part [Defendants] doth covenant with
> the said parties of the second part [Plaintiffs] that it is lawfully seized

>of the said premises; that they are free of all encumbrances, and that it has good right and lawful authority to sell the same; and the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever by, through and under the party of the first part, but not otherwise.

(Doc. # 15 Ex. A.)  Neither the deed nor the purchase contract contained any language specifically referencing post-closing survival of the purchase contract or the arbitration clause.

In February 2004, Plaintiffs entered into an agreement to refinance the property with a third-party lender.  A title search was performed on the real property revealing that Defendants did not have clear title when they sold to Plaintiffs.  As a result, Plaintiffs aver that the title to their property is encumbered and that it cannot be refinanced.  It is uncontested that Plaintiffs repeatedly asked the Defendants to rectify the title problems, to no avail.

On June 1, 2005, Plaintiffs filed a complaint seeking damages for negligence, wantonness and recklessness, fraudulent misrepresentation and actions, bad faith, breach of warranty and breach of duty (Doc. # 1).  Thereafter, on June 21, 2005, Defendants filed the Motion to Compel (Doc. # 10).  Plaintiffs responded to the Motion to Compel on July 28, 2005 (Doc. # 15) and Defendants replied on July 29, 2005 (Doc. # 16).

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441(a).  The amount in controversy exceeds $75,000 and there is diversity of citizenship between the plaintiffs and defendants.  The parties do not dispute venue or subject matter jurisdiction, and the Court finds an adequate evidentiary basis for both.

In 1925, Congress enacted the Federal Arbitration Act ("FAA") to offset the "hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams,*

532 U.S. 105, 111 (2001). Pursuant to the FAA, a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1991). The effect of Section 2 is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Section 3 provides for the stay of proceedings in federal district courts when an issue in the proceedings is referable to arbitration. *See* 9 U.S.C. § 3 (1991). Section 4 provides for orders compelling arbitration when one party fails, neglects, or refuses to comply with an arbitration agreement. *See* 9 U.S.C. § 4 (1991); *Boyd v. Town of Hayneville, Ala.,* 144 F. Supp. 2d 1272, 1275 (M.D. Ala. 2001).

It is beyond dispute that the FAA establishes "'a federal policy favoring arbitration.'" *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24). Therefore, courts must rigorously enforce agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985). Indeed, under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Despite this presumption favoring arbitration, and as noted above, the FAA prohibits the enforcement of an arbitration clause that is invalid "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Thus, while federal policy favors arbitration, it is "a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582 (1960). Accordingly, "[t]he question whether the parties have submitted a particular dispute to arbitration, *i.e.,* the 'question of arbitrability,' is 'an

issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002) (quoting *AT & T Tech., Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986)). Issues to be decided by the court "include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452 (2003). As a general rule, when considering these "gateway issues," a court "may consider only issues relating to the making and performance of the agreement to arbitrate," and not issues relating to the making of the contract generally. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967); *John B. Goodman Ltd. P'ship v. The Constr. Co.,* 321 F.3d 1094, 1095-96 (11th Cir.2003). "*Prima Paint's* mandate is that challenges to the validity of the contract as a whole must be presented to the arbitrator." *Rollins, Inc. v. Foster,* 991 F. Supp. 1426, 1431 (M.D. Ala. 1998). There is an exception to the *Prima Paint* rule, however, for "cases where not merely the enforceability, but the initial formation or existence of a contract, including a disputed arbitration clause, is legitimately called into question, and must be decided by the court." *Rainbow Inv., Inc. v. Super 8 Motels, Inc.,* 973 F. Supp. 1387, 1390 (M.D. Ala. 1997).

In resolving these "gateway issues," the Court applies ordinary state common law governing the formation of contracts. *See, e.g., Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Univ.,* 489 U.S. 468, 475-76 (1989); *see also Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63 n.9 (1995).

The issue presented by this motion to compel arbitration involves the preliminary determination of whether this Court or the arbitrator decides the viability of the arbitration clause.[1]

---

[1] The parties do not dispute the execution of the arbitration clause as part of the purchase contract.

Plaintiff challenges the enforceability of the entire purchase contract under Alabama's merger doctrine.[2] Because the entire contract is at issue, the Court finds that the issue falls under the general rule of *Prima Paint*. *See Bess v. Quick Express*, 294 F. 3d 1298 (11th Cir. 2002). Thus, the legal effect of the merger doctrine on the antecedent purchase contract and its arbitration clause is to be decided by the arbitrator. *Rollins, Inc. v. Foster,* 991 F. Supp. 1426 (M.D. Ala. 1988).

On the basis of the authority cited above, the Motion to Compel Arbitration and Stay Proceedings is GRANTED. The parties are hereby ORDERED to submit all controversies, claims, or disputes between them to arbitration in accordance with the terms of the agreement between them. The parties are further ORDERED to file a jointly prepared report on the status of this case. The first such report shall be filed on August 7, 2006, and the parties shall thereafter file a jointly prepared report on the first Monday of every month until such time as the parties jointly stipulate that this action can be dismissed, or until further action is required of this Court. The jointly prepared report shall indicate the status of the arbitration proceedings and the expected date those proceedings will be concluded.

Done this 22nd day of June , 2006.

        /s/   W.  Keith Watkins
        UNITED STATES DISTRICT JUDGE

---

[2] A modern expression of the merger doctrine is as follows: "When a contract to convey has been consummated by the execution and delivery of the deed, the contract becomes functus officio, and the deed becomes the sole memorial and expositor of the agreement between the parties, and upon it thereafter the rights of the parties rest exclusively . . . . [H]ence, the deed, whose language contains no expression of the survival of any covenants or warranties . . . contains the exposition of the agreement between the parties." *Jones v. Dearman*, 508 So. 2d 707, 709-10 (Ala. 1987) (citation omitted). *See also Carter v. Beck*, 40 Ala. 599 (1867); *Frederick v.Youngblood*, 19 Ala. 680 (1851); *Asbury v. Cochran*, 9 So. 2d 887 (Ala. 1942); *Southeastern Homes, Inc. v. Jackson*, 374 So. 2d 341 (Ala. Civ. App. 1979); *Russell v. Mullis*, 479 So. 2d 727 (Ala. 1985); *Thibodeaux v. Holk*, 540 So. 2d 1378 (Ala. 1989); *Swanson v. Green*, 572 So. 2d 1246 (Ala. 1990).